JOSEPH RUBIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8959.  Promulgated January 12, 1928.

*Paul L. Lowenwarten, C. P. A.*, for the petitioner.
*Bruce Low, Esq.*, for the respondent.

OPINION.

LANSDON: The deduction claimed by petitioner as a bad debt arises through payment on an oral guaranty of his brother's debts to two corporations, of which petitioner is president.  The respondent contends that payment under the oral guaranty, which was clearly unenforceable under the New York Statute of Frauds, does not create a debt, and that, assuming the existence of the debt, there has been no

ascertainment of worthlessness during the taxable year, within the meaning of section 214 (a) (7) of the Revenue Act of 1921.

The Statute of Frauds will not operate as a defense, in an action by one who has paid under a verbal guaranty, to recover from the original debtor. The Statute only withholds remedial aid, and if the guarantor pays under the oral contract, the courts will give him a remedy against the original debtor. *Beal* v. *Brown*, 13 Allen (Mass.) 114; *Slack* v. *Kirk*, 67 Pa. St. 308; 5 Am. Rep. 438; *Craig* v. *Vanpelt*, 3 J. J. Marshall (Ky.) 489; Arnold on Suretyship, p. 136. The existence in fact of the debt seems clearly established since petitioner could have recovered from his brother in an action at law.

Before a deduction can be allowed as a bad debt, the fact of worthlessness during the taxable year must be proved. *Equinox Co.*, 2 B. T. A. 466; *Valdosta Grocery Co.*, 2 B. T. A. 727. The only evidence offered of David Rubin's financial condition at the time the debt was charged off was petitioner's testimony to the effect that his affairs were in " bad shape," and that " we saw what he had outstanding—he showed us his books; we saw he had nothing that we could collect on." The Board does not regard this statement of the petitioner as sufficient to enable it to determine that the debt was worthless. The worthlessness of a debt is a question of fact to be determined by the Board from evidence concerning the assets of the debtor and his ability to pay. The conclusion of the petitioner that the books showed nothing on which he could collect is not sufficient. *Alemite Die Casting & Manufacturing Co.*, 1 B. T. A. 548. David Rubin continued in business until his death in 1925, buying merchandise for resale to retailers. Nothing in the record indicates that he was at any time insolvent, or that petitioner's claim could not have been paid, at least in part. Neither is there any showing that it would have been futile to secure a judgment against David Rubin.

Reviewed by the Board.

*Judgment will be entered for the respondent.*